INGRAM, Presiding Judge.
The parties were divorced on May 13, 1985, by a final judgment of divorce. Incorporated into the divorce decree was an agreement of the parties providing for property division, child custody, support, and alimony. On September 8, 1988, more than three years later, the husband filed a petition entitled “Declaratory Judgment,” asking the court to correct a mathematical calculation, which would change the alimony in gross amount awarded to the wife.
At issue is the following provision of the agreement of the parties:
“Defendant shall receive as alimony en grosse (to be construed as property settlement) fifty percent (50%) of Plaintiff’s retirement benefits that have accrued as of the date of this Final Judgment of Divorce under the BellSouth Management Pension Plan and the Supplemental Executive Retirement Plan, or successors to these plans (the ‘Plans’) in the amount of ONE THOUSAND FOUR HUNDRED NINETY DOLLARS AND 90/100 ($1,490.90) per month.”
At the hearing on the husband’s petition, the wife argued that the time to challenge the 1985 divorce decree has passed and that there was no basis in the Rules of Civil Procedure which would grant the husband the right to return to court to seek relief in this case. The husband contended, however, that the above provision is ambiguous and that the court must construe it so as to express the intent of the parties.
The trial court then heard evidence in the case and found that the above provision of the divorce decree reflects the true intent of the parties at the time of their negotiations. The court further found that the sum of $1,490.90 was the number used by both parties in arriving at the terms, conditions, and mutual covenants of the agreement, and that such number was provided by the husband himself. The husband appeals.
On appeal, the husband contends that the figure of $1,490.90 was the result of an incorrect calculation as to the amount of the husband’s retirement benefits. The husband argues that, when he supplied the above figure, it was because he was either misled by the pension expert or was confused.
A declaratory judgment simply declares the rights of the parties or expresses the opinion of the court on a question of law. However, the court does not order anything to be done. See Black’s Law Dictionary 497 (Rev. 4th ed. 1968). It is distinguishable from other actions in that it does not seek execution or performance from the defendant or opposing party. Black’s, supra.
*337 Here, the trial court simply found that the provision in question was clear and that the husband is required to pay to the wife the sum of $1,490.90 per month. After a review of the record, we agree.
It is quite clear from a review of the entire agreement between the parties that the husband intended to pay the wife $1,490.90 per month. This figure was a significant part of the agreement between the parties and represented a primary element of the bargain agreed upon between the parties and ratified by the trial court. In fact, there were several other provisions that referred to the receipt of the above figure as pertinent to the timing of other aspects of the agreement. Therefore, we find no error in the trial court’s declaration of the “rights of the parties.”
However, this court is not to be understood as saying that a petition for declaratory judgment was the correct vehicle to obtain the relief requested by the husband. It would appear that the proper redress for any alleged “mistake in calculation” would have been pursuant to Alabama Rules of Civil Procedure, Rule 60(b)(1). However, such a motion would have had to be presented to the court not more than four months after the May 13, 1985, final order of divorce. Clearly, such was not done in this instance, and the husband in this case cannot get the benefit of a Rule 60(b)(1) motion by filing a declaratory judgment petition.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.